# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA SPENCER,

        Plaintiff,                        CIVIL ACTION NO. 17-cv-13434

        v.                                DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF             MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lisa Spencer seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on January 5, 2015, alleging that she has been disabled since September 1, 2014, due to a neck fusion at C5-C6-C7, neck and shoulder muscle spasms, headaches, severe neck and shoulder pain, anxiety, a back fusion in 2006, and a heart murmur. (TR 13, 138-39, 157.) The Social Security Administration denied Plaintiff's claims on June 10, 2015, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ). (TR 54-66, 81.) On May 23, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Amy Budney. (TR 28-53.) The ALJ subsequently issued an unfavorable decision on December 19, 2016, and the Appeals Council declined to review the ALJ's decision. (TR 1-6, 13-22.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 14 at 5-9), Defendant (docket no. 17 at 4-8) and the ALJ (TR 18-20, 21) have set forth factual summaries of Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 1, 2014, and that Plaintiff suffered from the following severe

impairments: cervical radiculopathy; cervical degenerative disc disease; spondylophytes C5-7; status post lumbar fusion; status post anterior cervical discectomy C5-7; decompression of C5-7; fusion C5-7 with cage; degenerative intervertebral disc; nonallopathic lesion, lumbar; sacrum disorder; post laminectomy syndrome; and cervical spondylosis. (TR 15.) Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 17.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: the claimant can change positions every 30 minutes for 1-2 minutes within the immediate vicinity of the workstation. The claimant can occasionally use bilateral hand controls. The claimant can frequently handle, finger, and feel on the left. The claimant can occasionally reach overhead and in all directions bilaterally. The claimant can frequently stoop and climb ramps and stairs. The claimant can occasionally crawl and crouch. The claimant should never climb ladders, ropes, and scaffolds. The claimant should never be exposed to unprotected heights, dangerous moving mechanical parts, or operate a motor vehicle.

(TR 17-20.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 21-22.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from September 1, 2014, through the date of the decision. (TR 13, 22.)

V.     **LAW AND ANALYSIS**

    A.     **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.    Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

4

> (3) the impairment met or was medically equal to a "listed impairment;" or
>
> (4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and

5

a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded under sentence four for a rehearing and reconsideration or for an award of benefits because the ALJ (1) failed to obtain an expert medical opinion regarding medical equivalency; and (2) violated the procedural aspect of the treating physician rule in evaluating the opinion of Plaintiff's neurosurgeon, Dr. Norburt Roosen. (Docket no. 14 at 12-20.)

> 1. *The ALJ's Failure to Obtain an Expert Medical Opinion Regarding Medical Equivalency*

Plaintiff asserts that this matter requires remand as a matter of law because the ALJ found that Plaintiff's impairments did not medically equal the severity of those in Listing 1.04A without reliance on any medical opinion. (Docket no. 14 at 12-14.) At the third step of the sequential evaluation process, a claimant will be deemed presumptively disabled and eligible for benefits if his impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). A claimant must satisfy all of the criteria to meet a listing, or have impairments that are medically equivalent to or equal in severity and duration to the criteria of a listed impairment. *Id.*; *Rabbers v. Comm'r,* 582 F.3d 647, 653 (6th Cir. 2009). "Moreover, all of the criteria must be met concurrently for a period of twelve continuous months." *McKeel v. Comm'r of Soc. Sec.*, No. 14-cv-12815, 2015 WL 3932546, at *8 (E.D. Mich. June 26, 2015) (citing 20 C.F.R. § 404.1525(c)(3), (4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D ("[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation")). It is the claimant's burden to demonstrate that she meets or equals a listed impairment at the third step of the sequential evaluation process. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). ("A claimant must

6

demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder.").

"[L]ongstanding policy requires that the judgment of a physician . . . designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996).[1] "The signature of a State agency medical . . . consultant [on the appropriate form] ensures that consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." *Id.* "[T]he great weight of authority holds that a record lacking any medical expert opinion on equivalency requires a remand." *Harris v. Comm'r of Soc. Sec.*, No. 12-10387, 2013 WL 1192301, at *8 (E.D. Mich. Mar. 22, 2013) (citing cases).

Here, Plaintiff argues that her physical impairments were evaluated by a non-physician, Single Decisionmaker (SDM) Joselyn Lowrance, and that there is no medical opinion regarding medical equivalency in the record upon which the ALJ could have relied.  (Docket no. 14 at 14.) Indeed, any findings made by an SDM are not opinion evidence, since SDMs, as laypersons, are not acceptable medical sources or non-medical sources of opinion evidence under 20 C.F.R. § 404.1513, § 404.1527(a)(2), or SSR 06–[0]3p. *See White v. Comm'r of Soc. Sec.*, No. 12-cv-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013) *and Maynard v. Astrue,* No. 11–12221, 2012 WL 5471150, at *6 (E.D. Mich. Nov. 9, 2012).  Defendant concedes that SSR 96-6p required a medical opinion on the issue of medical equivalence in this matter and asserts, instead,

---

[1] Plaintiff argues that the ALJ was required to obtain an expert medical opinion regarding medical equivalency under SSR 17-2p. (Docket no. 14 at 12-14.)  SSR 17-2p, which rescinds and replaces SSR 96-6p, became effective on March 27, 2017, after the ALJ's December 19, 2016 decision in this case.  SSR 17-2p, 2017 WL 3928306, at *1, 5 (S.S.A. Mar. 27, 2017).  Thus, this issue is appropriately decided under SSR 96-6p, not SSR 17-2p.

that the lack of a medical opinion amounts to harmless error because the record does not support a finding that Plaintiff's impairments medically equaled Listing 1.04(A). (Docket no. 17 at 11-16.)

In support of this assertion, Defendant points out that "'[t]he lack of a medical opinion on equivalence can be deemed harmless error in some cases,' . . . and 'the harmless error inquiry turns on whether the ALJ would have reached the same conclusions at Step Three had there been a medical opinion.'" (Docket no. 17 at 11 (quoting *Bukowski v. Comm'r of Soc. Sec.*, No. 13-cv-12040, 2014 WL 4823861, at *4, 5 (E.D. Mich. Sept. 26, 2014).) Defendant also points out that "'[a]s the party attacking the determination, [Plaintiff] bears the burden of showing that the ALJ's error was not harmless, and that it prejudiced h[er] on the merits or deprived h[er] of substantial rights.'" (*Id.* at 11-12 (quoting *Perez v. Comm'r of Soc. Sec.*, No. 2:14-cv-12403, 2016 WL 8094530, at *3 (E.D. Mich. Sept. 22, 2016).) Defendant contends that Plaintiff has made no such showing. (*Id.* at 12.)

Plaintiff has not responded to Defendant's assertion of harmless error. But in her Motion, Plaintiff does cite to evidence which she believes demonstrates that her impairments medically equal Listing 1.04A. (Docket no. 14 at 13-14.) Under Listing 1.04A, disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) are defined as those:

> resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04.  Plaintiff cites a September 2, 2014 MRI of her cervical spine and points out that it revealed a moderate-to-large disc protrusion that abutted and flattened the thecal sac.  (Docket no. 14 at 13 (citing TR 293).)  She also cites the January 15, 2015 MRI of her cervical spine to demonstrate that she had mild spinal canal stenosis at C4-C5 and C5-C6.  (*Id*. (citing TR 287).)  Plaintiff asserts that "[r]ecords also noted neck pain radiating to the left upper extremity, decreased range of motion [in] the cervical spine, decreased sensation in the left arm, muscle tension in the cervical spine, sensory deficits characterized by significant hyperthesia/hypalgeisa in the right upper extremity, and cervical muscle spasms."  (*Id*. at 13-14 (citing TR 304, 306, 308, 310, 312, 318, 345, 347, 348, 352, 353, 359, 368, 380, and 399).)

Defendant argues that the "medical evidence is conclusive that Plaintiff's physical impairments did not medically equal Listing 1.04A for twelve consecutive months," and that the evidence cited by Plaintiff does not show otherwise.  (Docket no. 17 at 13-16.)  As stated above, the regulations require that a claimant have impairments that are medically equivalent to or equal in severity and duration to the criteria of a listed impairment for a period of twelve continuous months.  *See* 20 C.F.R. § 404.1525(c)(3), (4); *see also Lapinsky v. Sec'y of Health & Human Servs.*, 857 F.2d 1071, 1073 (6th Cir. 1988).  The evidence cited by Plaintiff in support of medical equivalency spans a period of only six months – from September of 2014, around the time of Plaintiff's neck injury, through February of 2015, three months after her neck surgery.  Plaintiff cites no medical evidence dated after that time to demonstrate that her impairments were medically equivalent to Listing 1.04A.  To the contrary, both the ALJ and Defendant have cited treatment records from Plaintiff's treating physician which reflect that Plaintiff generally presented with full strength, range of motion, sensation, and reflexes from February of 2015 through March of 2016.  (TR 18 and docket no. 17 at 14 (citing TR 399-400, 519-29).)  Plaintiff has failed to meet her

burden of demonstrating that her impairments were medically equivalent in severity to the criteria of Listing 1.04A for a period of twelve continuous months.

Plaintiff has also failed to meet her burden of showing that the ALJ's step-three determination was not harmless. Because the objective medical evidence of record (or lack thereof) does not support a finding that Plaintiff's impairments could have sustained the level of severity necessary to medically equal Listing 1.04A for a period of twelve months, it is highly likely that the ALJ would have reached the same determination at step three even if there had been a medical opinion on the issue. Accordingly, the ALJ's failure to obtain an expert medical opinion regarding equivalency was harmless. *See Perez*, 2016 WL 8094530, at *4 (harmless error existed where there was no evidence of musculoskeletal abnormalities during the balance of the year-long period following the claimant's injury and surgery); *Rice v. Comm'r of Soc. Sec.*, No. 16-11330, 2017 WL 4925681, at *7 (E.D. Mich. Aug. 25, 2017), *report and recommendation adopted*, No. 16-11330, 2017 WL 4129535 (E.D. Mich. Sept. 19, 2017) ("[G]iven the dearth of objective medical evidence in this case suggesting that plaintiff's impairments separately or in combination could meet or equal a Listing, the undersigned finds that the failure to obtain a medical opinion on equivalence is in fact, harmless error.") Plaintiff's Motion for Summary Judgment should therefore be denied with regard to this issue.

### 2.  *The ALJ's Assessment of Dr. Roosen's Opinion*

Plaintiff argues that the ALJ failed to comply with the procedural aspect of the treating physician rule because she did not give good reasons for rejecting Dr. Roosen's opinion. (Docket no. 14 at 14-20.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the

10

other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

11

*Wilson*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Dr. Roosen completed a questionnaire regarding Plaintiff's physical residual functional capacity on March 7, 2015. (TR 404-07.) Dr. Roosen opined that Plaintiff could walk a half mile without rest or severe pain, sit for fifteen minutes at a time, stand for five minutes at a time, and sit, stand, and walk for a total of two hours in an eight-hour workday. He also opined that Plaintiff would need to take a five-minute walk every thirty minutes in an eight-hour workday and that she needed a job that permitted shifting positions at will. According to Dr. Roosen, Plaintiff could occasionally lift less than ten pounds; frequently climb stairs, twist, and bend; and occasionally look down, turn her head right or left, look up, and hold her head in a static position. Dr. Roosen further opined that Plaintiff would be significantly limited in overhead work and that she would likely be off task for 15% of the workday. Additionally, Dr. Roosen answered in the affirmative when asked if emotional factors contributed to the severity of Plaintiff's symptoms and functional limitations, and he indicated that Plaintiff had anxiety, which affected her physical condition.

The ALJ discussed Dr. Roosen's opinion as follows:

As for the opinion evidence, Dr. Norburt Roosen opined that the claimant would be off task 15% of a typical workday and could perform a range of sedentary work. He also noted that she could sit for 15 minutes, stand for 5 minutes, sit/stand/walk for about two hours daily, that she must change positions every 30 minutes and

> walk for five minutes at a time (Exhibit 8F). This opinion is given limited weight to the extent that it is consistent with the above residual functional capacity, given that the claimant has no severe mental impairments, normal gait, strength, reflexes.

(TR 20.)

Plaintiff argues that the ALJ's reasoning statement is conclusory, unfounded, and unsupported. (Docket no. 14 at 17.) Plaintiff first argues in this regard that the ALJ's reasoning that Plaintiff has no severe mental impairments is irrelevant because Dr. Roosen completed a questionnaire regarding Plaintiff's physical capacity. (*Id.*) But as noted above, Dr. Roosen opined that Plaintiff's anxiety and other emotional factors affected her physical condition and contributed to the severity of her functional limitations. Thus, the fact that Plaintiff has no severe mental impairments is indeed relevant, and it is a valid reason for discounting Dr. Roosen's opinion.

Plaintiff also argues that the objective medical evidence, her treatment records, and her hearing testimony support the limitations assessed by Dr. Roosen. (Docket no. 14 at 17-19.) In support of this argument, Plaintiff cites to her September 2014 and January 2015 MRIs, her treatment records from Henry Ford Health System, her physical therapy records, and her hearing testimony. (*Id.*) But the ALJ explicitly considered much of the same evidence cited by Plaintiff. The ALJ also considered evidence not cited by Plaintiff, such as the treatment records reflecting that Plaintiff generally presented with full strength, range of motion, sensation, and reflexes from February of 2015 through March of 2016. The ALJ then concluded that Dr. Roosen's opinion was not entirely consistent with that evidence.

Essentially, Plaintiff points to evidence in the record that could support a determination contrary to the ALJ's and invites the court to reweigh the evidence and substitute its own judgment for that of the ALJ; but it is not the court's role to resolve conflicts in the evidence. *See Brainard*, 889 F.2d at 681 (citation omitted). The evidence cited by Plaintiff does tend to support Plaintiff's

assertions, but nothing in Plaintiff's argument gives the undersigned a basis for recommending that the ALJ's opinion be rejected. At most, Plaintiff has shown that the ALJ's decision falls within the ALJ's zone of choice. There is substantial evidence supporting the ALJ's decision, and, if the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if substantial evidence also supports the opposite conclusion. *See Her*, 203 F.3d at 389-90; *Mullen*, 800 F.2d at 545 (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

The ALJ's assessment of Dr. Roosen's opinion is brief and unelaborate, but when it is read in conjunction with the ALJ's discussion of the medical record and hearing testimony, the ALJ's reasons for discounting Dr. Roosen's opinion are sufficiently specific to make clear to any subsequent reviewers the weight that the ALJ gave to Dr. Roosen's opinion, and they therefore constitute good reasons under the regulations. The ALJ has sufficiently complied with the procedural aspect of the treating physician rule. Accordingly, Plaintiff's Motion should be denied with regard to the ALJ's assessment of Dr. Roosen's opinion.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 14) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 17).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  December 19, 2018         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  December 19, 2018         s/ Leanne Hosking
                                  Case Manager